618 So.2d 473 (1993)
Darryl FRICKE, et al.
v.
OWENS-CORNING FIBERGLAS CORP., Baumer Foods, et al.
Janet FRICKE and George Fricke, Jr.
v.
OWENS-CORNING FIBERGLAS CORPORATION, et al.
Keith DAVILLIER, as Dative Curator, et al.
v.
BAUMER FOODS, INC., et al.
Keith DAVILLIER, Heath Davillier, et al.
v.
BAUMER FOODS, INC., et al.
Nos. 92-CA-2192 to 92-CA-2195.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1993.
*474 Theodore A. Mars, Jr., Andrew Blanchfield, Mars & Blanchfield, Sidney L. Shushan, William J. Guste, III, Joseph B. Landry, Guste, Barnett & Shushan, and Bruce C. Waltzer and Michael G. Bagneris, New Orleans, for plaintiffs/appellants.
Joseph Maselli, Jr. Plauche, Maselli & Landry, New Orleans, for defendants/appellees.
Before BARRY, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
The issue in this appeal is whether the trial court correctly granted summary judgment dismissing Nabisco, Inc., Nabisco Brands, Inc. and Fleishcman Corporation (collectively referred to as Nabisco) from plaintiffs' lawsuit.
The spouse, heirs and legal representatives of George Fricke, III and Melvin Davillier, Sr. filed the instant products liability suit against Nabisco and others alleging that Nabisco failed to give the proper warnings in connection with its manufacture and sale of vinegar. George Fricke, III was seriously injured when he was overcome by vapors while attempting to rescue co-worker Melvin Davillier, Sr. who had collapsed at the bottom of a mustard vat tank owned by Baumer Foods, Inc. Davillier subsequently died. The allegations against Nabisco are that it manufactured and sold to Baumer the vinegar used in the mustard vat and that it failed to provide proper warnings about the hazards associated with exposure to vinegar.
Nabisco filed a motion for summary judgment predicated on the fact that it sold its Fleischman's vinegar business to Burns, Philip and Company on July 2, 1986. Because the accident occurred on May 8, 1987 Nabisco argues that the vinegar in the vat was not sold or manufactured by it. Therefore, even if the product was defective because of a lack of warning, Nabisco urges it cannot be responsible because it had no duty to warn.
The trial court granted Nabsico's motion and plaintiffs have perfected this appeal. They raise two arguments. First they assert that there is serious issue of material fact regarding the source of the vinegar in the vat at the time of the accident. They argue that the vinegar which Nabisco manufactured and sold to Baumer before their sale to Burns, Philip may have been mixed together with vinegar subsequently purchased by Baumer. According to plaintiffs, the vinegar storage tank was never completely empty in the period of time *475 leading up to the accident, and thus a question remains as to whose vinegar was in the mustard vat at the time of the accident.
Second, plaintiffs argue that, even assuming the vinegar was not Nabisco's, there is still a mixed legal/factual issue remaining about their failure to provide adequate warnings. Plaintiffs assert that Nabisco's Material Safety Data Sheet sent to Baumer before the accident, and relied upon by Baumer at the time of the accident, failed to include proper and well known warnings regarding vinegar/acetic acid. They argue that Nabisco is responsible because the inadequate warning was adopted in its entirety by Burns, Philip and used by them in the subsequent manufacture and sale of vinegar to Baumer Foods.
In its motion for summary judgment Nabisco relies on evidence of the sale of its vinegar operations prior to the accident as well as plaintiffs' discovery responses which refer to an invoice dated May 7, 1987 as representative of the vinegar source at the time of the accident. Nabisco argues that the linchpin of a defective products case, i.e. that it was the manufacturer of the product, is missing in this case. The manufacturer cannot be responsible for a product it does not produce or sell.
We believe there is no issue of fact with respect to the source of the vinegar in the vat. Nabisco sold its business to Burns, Philip ten months prior to the accident. The plaintiffs identify the May 7, 1987 invoice as the source of the vinegar in question. They have not raised a serious issue of fact in this regard. Their speculation about a mixture of "old" and "new" vinegar is just that, speculation.
Plaintiffs' second argument presents the issue of whether Nabisco owed any duty to the users of the vinegar manufactured and sold by Burns, Philip, the purchaser of its vinegar operations. In support of an affirmative answer to this question plaintiffs cite the New York case of Sage v. Fairchild-Swearingen Corporation, 70 N.Y.2d 579, 523 N.Y.S.2d 418, 517 N.E.2d 1304 (N.Y.App.1987). In that case the court held that a defective design prepared and used by the original manufacturer and relied upon by the purchaser (of the product) when it manufactured a replacement part can result in liability on the original manufacturer.
There are several distinguishing aspects to Sage which make it inapplicable to the case before us. Most important is the fact that the defective design relied on was supplied by the manufacturer of the product that was replaced by the product's user. That is, there was identification of the defective (by reason of improper design) product and the manufacturer. And, of course, the product was purchased from the defendant-manufacturer.
In the instant case, Nabisco neither sold nor manufactured the vinegar which allegedly caused plaintiffs' damages. The facts are well established that Nabisco had sold its vinegar business ten months earlier. Our review of Louisiana jurisprudence reveals no case dealing with this issue. Under the facts of this case, we are not prepared to hold a manufacturer responsible for alleged inadequate warnings about a product it neither manufactured nor sold. We cannot abandon the general rule of products liability requiring identification of the product with the manufacturer. Nabisco should not be required to warn about the use of a product it did not produce or sell to Baumer.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.